**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**



FILED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

00 AUG 17  PM 3: 54

CLERK ALBUQUERQUE

WILLIAM BARNETT,

      Petitioner,

v.                                **CIVIL NO. 97-763 MV/DJS**

TIM LeMASTER, Warden,

      Respondent.

**MAGISTRATE JUDGE'S AMENDED PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION[1]**

1.THIS MATTER comes before the Court upon a petition for a writ of *habeas corpus*
pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in CR 90-
446 in the Second Judicial District, Bernalillo County, of New Mexico. In that proceeding, Petitioner
was convicted following a jury trial of one count of Aggravated Burglary, one count of Attempt to
Commit a Felony, Kidnaping, two counts of Criminal Sexual Penetration in the Second Degree, one
count of Possession of a Firearm or Destructive Device by a Felon, and one count of Aggravated
Battery (Misdemeanor). Petitioner was sentenced to a term of imprisonment of forty-six and one-half
years, to be followed by two years parole.

2.  Petitioner challenges his conviction and sentence on seven grounds. Petitioner's first

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and
recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to
such proposed findings and recommendations.  A party must file any objections within the ten-
day period allowed if that party wants to have appellate review of the proposed findings and
recommendations.  If no objections are filed, no appellate review will be allowed.



ground for relief is that he was denied his right to be free from self-incrimination. His second ground for relief is that the trial court erred in denying his motion to proceed *pro se*. Petitioner's third ground for relief is that he was denied effective assistance of counsel. Petitioner's fifth ground for relief should be considered in conjunction with his third ground, in that he there claims that trial counsel failed to conduct a proper cross-examination and failed to make the proper objections at trial. Petitioner's fourth ground for relief is that he was denied effective assistance of counsel in preparing his first petition for writ of *habeas corpus* in state court. As his sixth ground for relief, Petitioner asserts that he was denied due process in that insufficient evidence was presented at trial to support his conviction for Felon in Possession of a Firearm or Destructive Device. Petitioner's final ground for relief is that the trial court exceeded its authority in sentencing. These grounds were brought in Petitioner's second state *habeas* petition and Petitioner requests that this Court refer to a copy of that document to find the facts in support of the instant petition.

4.  28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding.  See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent concedes and this Court finds that Petitioner has exhausted his state court remedies as to the claims brought in the instant petition.

### Self-Incrimination

5. Petitioner is not entitled to relief on his claim that he was denied his right to be free from self-incrimination by the trial court's denial of his motion to sever one of the counts of the criminal complaint against him. Petitioner argues that the trial court should have severed the count charging him with being a felon in possession of a firearm. Petitioner does not state how he was compelled to incriminate himself in his defense against that charge, rendering his claim conclusory. Further,

2

to the extent that the petition can be construed to claim that Petitioner was denied due process by being tried for all of the various counts of the criminal complaint at one time, he is not entitled to relief. In order to obtain *habeas* relief for a due process violation based upon the joinder of offenses, a petitioner must prove that actual prejudice resulted from the events that unfolded during his trial, rendering it fundamentally unfair. Herring v. Meachum, 11 F.3d 374, 378 (2d Cir. 1993). Petitioner has not alleged any circumstances which meet this requirement.

**Motion to Proceed *Pro Se***

6. Petitioner asserts that the trial court erred by denying his motion to proceed *pro se*. Petitioner contends that his counsel was biased against him and unable to offer effective representation. A defendant has a constitutional right to waive his right to counsel and to represent himself at criminal trial. Faretta v. California, 422 U.S. 806 (1975); United States v. Allen, 895 F.2d 1577, 1578 (10th Cir. 1990). However, to be valid, the trial judge must ensure that the waiver of counsel is "an intentional relinquishment or abandonment of a known right or privilege." United States v. McConnell, 749 F.2d 1441, 1450-51 (10th Cir.1984) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). Ideally, the trial judge should conduct a thorough and comprehensive formal inquiry of the defendant on the record to demonstrate that the defendant is aware of the nature of the charges, the range of allowable punishments and possible defenses, and is fully informed of the risks of proceeding *pro se*. Faretta, 422 U.S. at 835; Allen, 895 F.2d at 1578.

7. In this instance, the trial judge held a hearing on Petitioner's motion to proceed *pro se*. Record Proper, Transcript of 8/29/90 Motion Hearing ("8/29/90 Transcript"). At that hearing, Petitioner stated that he did not feel that his appointed attorney wanted to go in front of a jury and that she would not investigate various subjects. Record Proper, 8/29/90 Transcript, p. 3. Petitioner

3

admitted that he did not have the means to conduct such an investigation himself. Id. The trial judge advised Petitioner to proceed with counsel and warned him of the difficulty of *pro se* representation. Id. at 6-7. Petitioner stated that he wanted to represent himself, requesting that "the court give me some lenience as far as having some legal advice from an attorney or something". Id. at 7. The trial judge warned him that the court would not advise him or allow hybrid representation and asked Petitioner if he felt he was competent to conduct *voir dire* and the rest of trial. Id. at 8. Petitioner stated that he did not feel he was competent to conduct his defense. Id. The trial court then ruled that Petitioner would not be allowed to represent himself because he didn't feel he was competent to conduct his defense. Id. at 10. On direct appeal, the New Mexico Court of Appeals denied Petitioner's challenge to the trial court's ruling. The state Court of Appeals ruled that because Petitioner admitted that he was not competent to perform the requisite trial functions, the trial court was within its discretion to rule that he was not making an knowing and intelligent waive of counsel. Answer, Exhibit J, p. 9.

8. A criminal defendant's waiver of his right to counsel in a criminal proceeding must be clearly and unequivocally asserted. United States v. Baker, 84 F.3d 1263, 1264 (10th Cir. 1996); United States v. Treff, 924 F.2d 975, 978 (10th Cir.) cert. denied 500 U.S. 958 (1991); United States v. Bennett, 539 F.2d 45, 50-51 (10th Cir. ) cert. denied 429 U.S. 925 (1976). A request for advisory counsel does not waive or lessen a defendant's right to represent himself. Baker, 84 F.3d at 1267 (citation omitted). As noted by the New Mexico Court of Appeals, the waiver of a criminal defendant's right to counsel must be "knowing and intelligent". Baker, 84 F.3d at 1264; See Bennett, 539 F.2d at 50, 51. However, as held by the Tenth Circuit Court of Appeals in United States v. McKinley, 58 F.3d 1475, 1481 (10th Cir. 1995):

4

"It is clear from <u>Godinez [v. Moran</u>, 509 U.S. 389 (1993)] that the district court erred to the extent that it relied upon [the defendant's] purported inability to competently represent himself. <u>See also Peters [v. Gunn</u>, 33 F.3d 1190,1192 (9th Cir. 1994)] ('The 'competent' language in <u>Faretta</u> is directed at the 'knowing and voluntary' nature of the defendant's choice, not at the ability of the defendant to mount a successful defense.'); <u>Orazio v. Dugger</u>, 876 F.2d 1508, 1512 (11th Cir.1989) ('A defendant need not be technically competent in the law to act in his or her own defense but must be competent to make the choice to proceed pro se.'); <u>United States v. Flewitt</u>, 874 F.2d 669, 675 (9th Cir.1989) ('[T]he Sixth Amendment does not permit denying a defendant the right to self-representation on the basis that the defendant cannot represent himself with the degree of competence a lawyer might have.'); <u>Johnstone v. Kelly</u>, 808 F.2d 214, 216 (2d Cir.1986) ('[The district court] denied th[e] request [to proceed pro se] on the ground that Johnstone lacked the 'requisite education, background or training or experience.' <u>Faretta</u> imposes no such qualifications on the right to defend pro se.') (citation omitted), <u>recall of mandate denied</u>, 812 F.2d 821 (2d Cir.) (<i>per curiam</i>), <u>cert. denied</u>, 482 U.S. 928 (1987); <u>Bennett</u>, 539 F.2d at 51 ('[A] court determination that an accused lacks expertise or professional capabilities cannot justify denying the right of self-representation. The only relevant determination is whether the accused makes an understanding waiver of his right to counsel.') (citations omitted)."

A court determination that the accused lacks expertise or professional abilities cannot justify denying him the right to self representation. <u>Bennett</u>, 539 F.2d at 51. Prejudice a defendant may suffer by foregoing his right to representation is a risk he knowingly wishes to occur. <u>Baker</u>, 84 F.3d at 1267. Consequently, the rationale of the trial court and the basis upon which its decision to deny Petitioner's motion to proceed *pro se* was affirmed by the New Mexico Court of Appeals are contrary to Federal constitutional law.

9. Petitioner's conviction must be overturned because he was unconstitutionally denied his Sixth Amendment right to represent himself. The transcript of the hearing on his motion to withdraw reveals that he twice requested permission to conduct his own defense, albeit with the assistance of counsel. The Court cannot construe Petitioner's request to represent himself at trial as ambiguous, despite his doubts regarding his own ability to try his case. Further, there is no evidence that

Petitioner was not competent to make the decision to represent himself. Consequently, his petition for writ of *habeas corpus* should be granted and his conviction vacated. See Baker, 84 F.3d at 1267; McKinley, 58 F.3d at 1482-83. Because Petitioner should be afforded relief on this ground, the Court has not considered his other claims for relief.

## RECOMMENDED DISPOSITION

That the Petition be granted and Respondent be required to release or retry the Petitioner.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE